# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. 3:22-cr-00205 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| LAVAUGHN V. ODOM ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant LaVaughn V. Odom's Motion to Suppress Evidence Seized from Vehicle. (Doc. No. 22). Through the motion, Odom seeks to suppress evidence obtained from his automobile during a search pursuant to a search warrant on May 10, 2021, as well as his statements regarding those items. The Government filed a response in opposition to the motion (Doc. No. 24) to which Defendant filed a reply (Doc. No. 25). The parties agree that the Court can rule on the pending motion without an evidentiary hearing. (*See* Doc. No. 24 at 3; Doc. No. 25 at 1). For the reasons discussed below, Defendant's motion is **DENIED**.

## I. FACTS

On May 6, 2021, Detective Tyler Conrads of the Metropolitan Nashville Police Department ("MNPD") applied to a Davidson County General Sessions Judge (the "Magistrate" or "issuing Judge") for a warrant to search Defendant's person, his automobile (a grey 2014 Infiniti Q50 with Tennessee tag BU1443), and an apartment associated with Defendant for evidence of drug dealing. (*See* Doc. No. 22-1). Detective Conrads submitted an affidavit in support of the search warrant.

Detective Conrads' affidavit states that officers began investigating Defendant in March 2021 when his phone number was found in the phone of an overdose victim under the name "Boy," which is a common street term for heroin. (*Id*.). Through records databases, detectives learned

that a grey 2014 Infiniti Q50 with Tennessee tag BU1443 was registered to Defendant and they began to surveil the vehicle.

On three occasions in March and April 2021, and on a fourth occasion during the time period of May 3-6, 2021, detectives observed Defendant conduct narcotics transactions in the Infiniti. The third and fourth transactions were controlled narcotics buys using a confidential informant. The last of these transactions took place "within 72 hours" of the issuance of the search warrant. The affidavit also states that, in April 2021, Detective Conrads was contacted by a reliable confidential informant who provided information that Defendant was selling heroin in Nashville.[1]

Based on the information provided in the affidavit, the magistrate issued the search warrant on May 6, 2021. Police executed the warrant on May 10, 2021, and found a handgun, about 56 grams of cocaine, and small quantities of other narcotics in the automobile, and found quantities of cash on Defendant's person and in the apartment.

## II. ANALYSIS

### A. Probable Cause

Defendant argues the search warrant, as it pertains to the search of the automobile, is not supported by probable cause because the probable cause that existed at the time of any individual narcotics transaction had grown stale by the time the warrant issued and executed. The Government contends Defendant's pattern of narcotics transactions from his vehicle during the

---

[1] The Court notes that, for purposes of this motion, Defendant does not appear to dispute that the four transactions were, in fact, narcotics transactions; nor does he challenge the reliability of the confidential informant or the probable cause to search the apartment. Therefore, although the affidavit provides considerable additional detail regarding the narcotics transactions, the controlled buys, Defendant's connection to the apartment, and the reliability of the confidential informant, the Court does not recount that information here.

months preceding the warrant – the most recent of which precede the warrant by less than 72 hours – provides the requisite probable cause for the warrant to search Defendant's automobile.

The Fourth Amendment requires that a search warrant is supported by probable cause. U.S. Const. Amend. IV. To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain sufficient facts that indicate a fair probability that evidence of a crime will be found at the place to be searched. *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021). Probable cause requires "reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion." *United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2019). "Probable cause is not a high bar." *Moore*, 999 F.3d at 996 (quoting *District of Columbia v. Wesby*, 538 U.S. 48, 57 (2018)). Because probable cause "is concerned with facts relating to a presently existing condition," a warrant must be supported by "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006) (quoting *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)); and *United States v. Hython*, 443 F.3d 480, 485 (6th Cir. 2006) (quoting *Sgro v. United States*, 287 U.S. 206 (1932)).

Whether the information contained in an affidavit is stale is determined by the circumstances of each case. *Spikes*, 158 F.3d at 923. "[T]he function of a staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate." *Id*. (quoting *United States v. Hensen*, 848 F.2d 1374, 1382 (6th Cir. 1988)). To determine whether the information presented in the affidavit is "stale," the court considers: (1) the character of the crime; (2) the criminal; (3) the thing to be seized; and (4) the place to be searched. *Id*. at 923.

The Court does not review the issuing judge's probable cause determination *de novo*.

*United States v. Christian*, 925 F.3d 305, 311-12 (6th Cir. 2019) (citing *United States v. Tagg*, 886 F.3d 579, 586 (6th Cir. 2018); *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). Instead, the Court affords "great deference to the issuing judge's determination," and limits its review to the four corners of the affidavit. *Moore,* 999 F.3d at 996. "[T]he issuing judge's determination should be left undisturbed if there is 'substantial basis' for the probable-cause finding." *Tagg*, 886 F.3d at 586.

Defendant argues that due to the nature of the crime – narcotics trafficking – and the place to be searched – the automobile – any probable cause that existed has an exceedingly short duration that would require a search of the automobile to be performed immediately after observing the drug transaction or, alternatively, after securing the automobile and obtaining a warrant. Even if officers are not required to conduct an immediate search, because the place to be search and the items to be seized are "very quick to go stale," probable cause has dissipated after 72 hours.

He argues that there is no evidence to indicate that drug dealers in general or Defendant specifically are likely to store drugs, drug proceeds, or firearms in an automobile. Therefore, the only time to reasonably expect these items to be found in the automobile is during or immediately following a drug transaction. He contends that because the officer waited 72 hours to seek a search warrant and another four days passed before the search was conducted, any probable cause that existed at the time of the drug transactions was stale.

The United States argues that probable cause was not stale because the affidavit shows a pattern of drug transactions taking place in the automobile, the latest of which was less than 72 hours before the affidavit. The United States asserts that the ongoing and continuous nature of Defendant's drug operation makes the automobile an "operational base" for which there is probable cause to search.

Defendant is correct that courts have recognized that the presence of drugs can be fleeting in nature. *See Hython*, 443 F.3d at 486. He is also correct that a person, even a drug dealer, may be more likely to store a firearm in the apartment than in the automobile, and that automobiles are not usually a "repository of personal effects." *See Wyoming v. Houghton*, 526 U.S. 295, 303 (1999). But probable cause for a search does not require that the automobile is the most likely place to find evidence of drug trafficking; it requires only a "fair probability" that the evidence sough will be found in the place to be searched. *United States v. Christian*, 925 F.3d 305, 311-12 (6th Cir. 2019) ("Probable cause 'requires only a probability or substantial change of criminal activity, not an actual showing of such activity.'"). This is not a high bar. *See Moore*, 999 F.3d at 996.

Under the circumstances here, where Defendant was observed selling narcotics in his car on several occasions, the most recent of which was less than 72 hours before the warrant affidavit, there is probable cause to believe that evidence of drug trafficking will be found in that automobile. That 72 hours passed between the last drug sale and securing the warrant does not eviscerate probable cause.

**B. Good Faith Exception**

Finally, even if Defendant's arguments had merit, "the exclusionary rule does not apply when the police conduct a search 'objectively reasonable reliance' on a warrant later held invalid." *Davis v. United States*, 564 U.S. 229, 238-39 (2011); *see also*, *United States v. Leon*, 468 U.S. 897, 918-21 (1984). To determine whether the good faith exception to the exclusionary rule applies in this case, the Court considers all of the circumstances to determine "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922-23. For an officer's reliance on a warrant to

5

Case 3:22-cr-00205 Document 26 Filed 11/22/23 Page 5 of 6 PageID #: 79

have been reasonable, the warrant application must have provided "a minimally sufficient nexus between the illegal activity and the place to be searched." *United States v. McCoy*, 905 F.3d 409, 416 (6th Cir. 2018) (quoting *United States v. Brown*, 828 F.3d 375, 385 (6th Cir. 2016)). The showing required to establish that the reliance was "objectively reasonable" is less than the "substantial basis" showing required to establish probable cause. *Hython*, 443 F.3d at 484. "If the reviewing court is 'able to identify in the averring officer's affidavit *some* connection, regardless of how remote it may have been' – 'some modicum of evidence, however slight' – 'between the criminal activity at issue and the place to be searched,' then the affidavit is not bare bones and official reliance on it is reasonable." *United States v. White*, 874 F.3d 490, 497 (6th Cir. 2017) (quoting *United States v. Laughton*, 409 F.3d 744, 749-50 (6th Cir. 2005)).

Detective Conrads' affidavit contains numerous particularized facts connecting the automobile to be searched to the evidence sought. As discussed above, the affidavit states that Defendant is the registered owner of the automobile to be searched and that on at least four occasions and as recently as 72 hours before the warrant affidavit was executed Defendant sold drugs to individuals in the automobile. Because these facts provide sufficient nexus between the illegal activity and the automobile, the good faith exception applies.

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Suppress Evidence Seized from Vehicle (Doc. No. 22) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE